THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID ROSENZWEIG, alias MORRIS MICHAELSON, Appellant.

(Court of General Sessions, in and for the City and County of New York, June, 1905.)

Evidence — Written law of foreign State — Marriage in Austria — Proceeding for nonsupport.

> Where four months after his marriage in Austria by a Jewish rabbi having full authority to celebrate a ceremonial or religious marriage, a husband leaves his wife and comes to this State and fails to send for her, according to promise, and his only defense in a proceeding for nonsupport is the mere verbal statement of his counsel, not under oath, that in Austria, a Jewish or religious ceremonial marriage is not valid unless followed or preceded by a civil marriage, a judgment of a city magistrate adjudging him a disorderly person for failure to provide for his wife and child will be affirmed.

> The written law of a foreign country must be proved in this State by the production, duly authenticated, of the law itself, or by reports or other authorized publications, duly proved, of such law.

APPEAL from a judgment of a city magistrate in an abandonment case.

Henry F. Repper, for appellant.

John J. Delany, Corporation Counsel, and Herbert M. Stiefel, Assistant Corporation Counsel, for respondent.

McMAHON, J. This is an appeal from the judgment of a city magistrate in an abandonment case, whereby the appellant is adjudged a disorderly person and ordered to pay the sum of $5 per week for the support of his wife, or in default of a bond of $206 to be confined in the New York county workhouse for a term of six months.

The appeal is wholly without merit. It appears, from the testimony submitted to the court, that the appellant was mar-

ried according to the rites and ceremonies of the Jewish law in Austria, in the province of Gallicia, on or about the 15th day of September, 1902; that the marriage was celebrated by a rabbi in the presence of several members of the wife's family at her mother's house, and was proven before the magistrate by several witnesses who were present, by the wife herself and by experienced persons of the Jewish faith, who testified as to the facts; that the celebrant was a rabbi, and had full authority to celebrate a ceremonial or religious marriage.

It was shown before the magistrate and not denied that the marriage had taken place as claimed. That the appellant lived with his wife abroad about four months, then left her and came to America, promising to send for her. When he left her she was then pregnant. Some time later, after her child was born, she came to this country to seek her husband, and succeeded at last, after considerable search, in finding him. He, with cool affrontery, denied that he had ever seen her, much less that he had ever married her. She called upon him to provide for her, which he positively refused to do. He did not deny his identity before the magistrate, which was, however, abundantly proven by other testimony.

His defense consisted, however, of a mere verbal statement made by his counsel, who was not even under oath, that in Austria a Jewish or religious ceremonial marriage is not valid unless it is followed or preceded by a civil marriage. The magistrate very properly gave to this information no attention whatever, but satisfied himself that a marriage had duly taken place.

The method of proving a foreign law is fully set forth in section 942, Code of Civil Procedure. As I have said, there was no evidence whatever adduced or offered before the magistrate tending to establish any such law, written or unwritten, in the Empire of Austria. The unwritten law of a foreign country may be proved by expert testimony, but the written law, in this State at least, must be proved by the production duly authenticated, of the law itself, or by the reports or other authorized publications, duly proved, of such

law.   And even then, it would be a question whether by the
comity of nations, a law in derogation of the rights of a
citizen or subject as recognized in this country and through-
out the world for centuries, except where abridged, with or
without good reason by the civil power, would be received in
testimony for the purpose of vitiating a legal contract and
accomplishing a fraudulent purpose.

Judgment affirmed.